# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1471V
### Filed: June 10, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JENNIFER LEEDY, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza ("Flu") Vaccine; Tendinopathy; |
| | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); Special |
| AND HUMAN SERVICES, | * | Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 4, 2015, Jennifer Leedy ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 1, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 7, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On June 9, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded (a) a lump sum payment of $106,917.00, representing compensation for pain and suffering ($105,000.00) and lost earnings ($1,917.00), and (b) a lump sum payment of $4,404.85, representing

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for satisfaction of the State of New Jersey Medicaid lien. Proffer at 2-3. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner the following:

**A. A lump sum payment of $<u>106,917.00,</u> representing compensation for pain and suffering ($105,000.00) and lost earnings ($1,917.00), in the form of a check payable to petitioner, <u>Jennifer Leedy</u>, and**

**B. A lump sum payment of $<u>4,404.85</u>, representing compensation for satisfaction of the State of New Jersey Medicaid line, payable jointly to petitioner and**

> Treasurer, State of New Jersey
> Health Management Systems, Inc.
> P.O. Box 416522
> Boston, MA 02241-6522
> Medicaid ID: 243027677601

Petitioner agrees to endorse this payment to the State of Jew Jersey.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____

)
JENNIFER LEEDY,                                        )
                                                      )
                        Petitioner,                   )
                                                      )        **No. 15-1471V**
v.                                                    )        **Chief Special Master Dorsey**
                                                      )        **(ECF)**
SECRETARY OF HEALTH AND                               )
HUMAN SERVICES,                                       )
                                                      )
                        Respondent.                   )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.   Items of Compensation

#### A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

#### B.  Lost Earnings

The parties agree that based upon the evidence of record, Jennifer Leedy has suffered a past loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Jennifer Leedy a lump sum of $1,917.00 for lost earnings as provided under 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

#### C.  Pain and Suffering

Respondent proffers that the Court should award Jennifer Leedy a lump sum of $105,000.00 for her actual and projected pain and suffering.  This amount reflects that the award

1

for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

> D.  Past Unreimbursable Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for past unreimbursable expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

> E.  Medicaid Lien

Respondent proffers that Jennifer Leedy should be awarded funds to satisfy the State of New Jersey Medicaid lien in the amount of $4,404.85, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Jersey may have against any individual as a result of any Medicaid payments the State of New Jersey has made to or on behalf of Jennifer Leedy from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October1, 2014, under Title XIX of the Social Security Act.  Such compensation shall be in the form of a lump sum payment as forth in section II.B below.  Petitioners agree.

## II.  **Form of the Award.**

The parties recommend that the compensation provided to petitioner should be made through two lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following[1]:

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

A. A lump sum payment of $106,917.00, representing compensation for pain and suffering ($105,000.00) and lost earnings ($1,917.00), in the form of a check payable to petitioner, Jennifer Leedy.

B. A lump sum payment of $4,404.85, representing compensation for satisfaction of the State of New Jersey Medicaid lien, payable jointly to petitioner and

Treasurer, State of New Jersey
Health Management Systems, Inc.
P.O. Box 416522
Boston, MA  02241-6522
Medicaid ID: 243027677601

Petitioner agrees to endorse this payment to the State of New Jersey.

**III. Summary of Recommended Payments Following Judgment**

A. Lump sum payable to petitioner, Jennifer Leedy:                **$106,917.00**

B. Medicaid Lien:                                                 **$   4,404.85**


Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/  Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4138

Dated:  June 9, 2016